# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2020

Lyle W. Cayce
Clerk

No. 19-30322
Summary Calendar

JULIAN OKEAYAINNEH,

Plaintiff-Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE; BYRON TODD JONES; ANN MARIE ANAYA; LOLITA AIME VELAZQUEZ-AGUILU; JAMES SHOUP; MATT MANGOLD; R. MYERS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CV-150

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

This appeal is one in a series of attempts by Julian Okeayainneh, federal prisoner # 20515-112, to challenge his convictions and sentences for one count of conspiracy to commit bank fraud and 25 substantive fraud counts. Okeayainneh appeals the district court's dismissal of his complaint under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30322

the Federal Tort Claims Act (FTCA) as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  He also requests leave to amend his brief, and his motion is GRANTED.  *See* 5TH CIR. R. 28.4.

Okeayainneh argues that the district court erred by denying his motion for a protective order staying the case pursuant to Federal Rule of Civil Procedure 26(c).  The district court did not abuse its discretion by denying Okeayainneh's motion for a protective order to stay because the statutes required the dismissal of the case and discovery had not yet commenced.  *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); § 1915(e)(2); 28 U.S.C. § 1915A(a).

As to the merits of his lawsuit, Okeayainneh claims that the sentencing court vacated its restitution order against him, which "functionally invalidated" his sentences and nullified the jury convictions.  Accordingly, he argues that his continued imprisonment is unlawful.  We review a dismissal for failure to state a claim de novo.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), bars Okeayainneh's constitutional unlawful imprisonment claim.  Okeayainneh's FTCA claim failed on its face to show that his imprisonment was unlawful or tortious.  *See In re Katrina Canal*, 495 F.3d at 205.

The district court's judgment is AFFIRMED.  Okeayainneh is cautioned that the dismissal of his complaint by the district court counts as a strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015).  He is further cautioned that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed

No. 19-30322

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION GRANTED; SANCTION WARNING ISSUED.